IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Scott Kenneth Nale,<br>Petitioner, | )<br>)<br>) |
| v. | )     1:08cv823 (LO/TRJ) |
| | ) |
| Patricia R. Stansbury,<br>Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION

Scott Kenneth Nale, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the computation of time remaining on his sentence by the federal Bureau of Prisons ["BOP"]. Specifically, Nale claims that he was not credited for time served in state custody between July 13, 1994 and May 23, 1996, alleging that this time was intended to be served concurrently with his federal sentence. By Order dated November 17, 2008, respondent was directed to show cause why the writ should not be granted. On January 15, 2009, respondent filed a Motion to Dismiss the instant petition and a Memorandum in Support of the Motion. By Order dated January 26, 2009, and pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner was granted twenty days from the date of the Order to file a response to respondent's Motion. After requesting and being granted an extension of time to respond, petitioner filed his response with the Court on March 24, 2009. This case is now ripe for disposition. Because petitioner is not entitled to credit against his present federal sentence for the time he served in detention from July 13, 1994 to May 10, 1996, this petition will be dismissed.[1]

---

[1] As will be discussed below, the BOP credited petitioner's federal sentence with the time between May 11, 1996, the day after his state sentence was suspended, and May 23, 1996, the day before he was remanded to the custody of the U.S. Marshals to begin his federal sentence.

## I.

On July 13, 1994, petitioner was arrested by the state of West Virginia and later indicted in the Circuit Court of Hancock County, West Virginia, for the state offenses of aggravated robbery, kidnaping, burglary, and wanton endangerment with a firearm. Mem. of Law in Supp. of Pet. 3; Mem. in Supp. of Mot. to Dismiss 1-2. On October 19, 1994 petitioner was indicted in the United States District Court for the Northern District of West Virginia for carjacking, using and carrying a firearm in relation to a crime of violence, possessing a firearm as a felon, and transporting a stolen firearm in interstate commerce. Mem. of Law in Supp. of Pet. 3. On August 21, 1995, petitioner was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum and sentenced to a 228-month term of imprisonment. Mem. in Supp. of Mot. to Dismiss 2. The federal sentencing court expressed no position regarding the relationship of the sentence it imposed to any future state sentence petitioner might receive. Mem. in Supp. of Mot. to Dismiss 2. That same day, petitioner was returned to state custody. Mem. in Supp. of Mot. to Dismiss 2.

On October 27, 1995, petitioner entered a plea of guilty in the West Virginia state circuit court, and was sentenced to fifteen years imprisonment for the aggravated robbery offense and a concurrent twenty year term for the kidnaping offense. Mem. of Law in Supp. of Pet. 3; Mem. in Supp. of Mot. to Dismiss 2. The court ordered that petitioner serve his state sentence concurrently with his federal sentence, and also ordered that petitioner be credited with the time served in custody from the date of his arrest. Mem. of Law in Supp. of Pet. 3. Petitioner immediately began to serve his state sentence in a West Virginia state correctional institution. Mem. in Supp. of Mot. to Dismiss 2. However, after serving 158 days of his state sentence, the circuit court suspended the balance of petitioner's state

---

Therefore, the relevant time period for the purposes of resolving the instant petition is July 13, 1994 through May 10, 1996.

2

sentence as of May 10, 1996, and petitioner was remanded into the custody of the U.S. Marshals Service on May 24, 1996, when his federal sentence commenced. Mem. of Law in Supp. of Pet. 3; Mem. in Supp. of Mot. to Dismiss 2-3.

In calculating petitioner's sentence, the BOP credited petitioner for the thirteen days following the suspension of his state sentence and prior to assumption of custody by the United States. Mem. in Supp. of Mot. to Dismiss 3. However, it did not credit petitioner with any of the time he spent in state custody prior to the suspension of his state sentence. Beginning in February 2008, petitioner sought administrative relief through the BOP's administrative remedy program, claiming that he is entitled to receive credit for time served in state custody through a nunc pro tunc designation. Mem. of Law in Supp. of Pet. Attach. 8A-8D; Mem. in Supp. of Mot. to Dismiss 3. Pursuant to BOP policy and the holding in Barden v. Keohane, 921 F.2d 476 (3d Circuit 1990), the BOP considered petitioner's request and conducted an individual review of his case to determine if a nunc pro tunc designation was appropriate. Mem. in Supp. of Mot. 3. In undertaking its review, the BOP contacted the judge who imposed petitioner's federal sentence, and asked for his recommendation regarding a concurrent designation. Mem. in Supp. of Mot. to Dismiss 3. The judge declined to make a recommendation and deferred to the BOP's determination on the issue. Mem. in Supp. of Mot. to Dismiss 3. The BOP reviewed petitioner's case on June 5, 2008, and denied his request for a nunc pro tunc designation based on the nature and circumstances of his federal offenses and his extensive criminal history. Mem. in Supp. of Mot. to Dismiss 4.

On July 30, 2008, petitioner filed the instant petition, alleging that he "was not given credit with time spent in custody from the date of his arrest, occurring on July 13, 1994, to the date of May 23, 1996." Mem. in Supp. of Pet. 4. Petitioner argues that failure to credit him with this time undermines

the state court's intent that petitioner's state sentence be served concurrent with his federal sentence, and results in a miscarriage of justice because petitioner will have to serve "an extended term of twenty-three (23) additional months imprisonment." Mem. in Supp. of Pet. 5. Petitioner argues that under the applicable statutory provision, 18 U.S.C. § 3585(b),[2] because his state sentenced was imposed after his federal sentence, he is entitled to credit on his federal sentence. Mem. in Supp. of Pet. 6. Petitioner asks the Court to "grant immediate relief of crediting petitioner's time served with the twenty-three months of jail time credit . . . ." Mem. in Supp. of Pet. 8.

In her response, respondent argues that petitioner, by law, is not entitled to the credit he seeks because the credit was already applied to his state sentence and may not also be applied to his federal sentence. Mem. in Supp. of Mot. to Dismiss 4. Respondent also argues that his individual case was reviewed by the BOP in accordance with the statutory factors outline in 18 U.S.C. § 3621(b),[3] therefore

---

[2] The U.S. Code, in 18 U.S.C. § 3585(b), provides:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

[3] Section 3621(b) provides that the BOP shall designate the place of a prisoner's imprisonment, and may designate any facility that meets minimum standards and that the BOP determines is "appropriate and suitable, considering -

petitioner is not entitled to any additional relief. Mem. in Supp. of Mot. to Dismiss 4.

Petitioner submitted a Reply to respondent's Motion on March 24, 2009, in which he asserts that the claims made in his original petition and Memorandum of Law in support of the petition were "not fully and clearly expressed," and as a result were not "accurately received" by respondent. Reply to Mot. 5. Petitioner states that he understands that the Court cannot order the BOP to award prior custody time credit through a <u>nunc pro tunc</u> designation, and that "at minimum, the BOP would consider any such order as a recommendation." Reply to Mot. 6. Petitioner further states that he "clearly understands that he is not entitled to a <u>nunc pro tunc</u> designation," and adds that "petitioner's request for a <u>nunc pro tunc</u> designation was properly considered" and denied on the basis of two of the five factors in § 3621. Reply to Mot. 7. He admits that he "agrees with respondant [sic] to the effect that the BOP has satisfied its obligation to consider the petitioner's request for a <u>nunc pro tunc</u> designation" and that the BOP has considered the request "fairly." Reply to Mot. 8.

Petitioner argues in his Reply that he is actually seeking relief pursuant to § 5G1.3(b)[4] of the

---

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence —
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

[4] This section of the U.S. Sentencing Guidelines states that if a term of imprisonment "resulted from another offense that is relevant conduct to the instant offense or conviction" under specific provisions of § 1B1.3 (relevant conduct), and "that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense" shall be adjusted "for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP]," and the sentence for the instant offenses "shall be imposed to run concurrently to the remainder of the

United States Sentencing Guidelines. Reply to Mot. 8. Petitioner alleges that §§ 5G1.3 and 1B1.3 prevent different sovereigns from punishing a defendant for the same criminal conduct, as they "seek to provide one uniform punishment for the same criminal conduct." Reply to Mot. 8-9. According to petitioner, under § 5G1.3(b), the conduct underlying his undischarged state sentence is relevant conduct under § 1B1.3, because the state and federal offenses constitute a single episode and qualify as the same course of conduct and a common scheme. Reply to Mot. 10-11, 13. Petitioner argues that his sentences should be ordered to run concurrently, such that this Court should grant immediate relief by crediting petitioner's federal sentence from July 13, 1994 to May 11, 1996, thus resulting in a release date of March 6, 2011. Reply to Mot. 16-17.

## II.

The instant petition is governed by 18 U.S.C. § 3585, which determines the calculation of a federal inmate's term of imprisonment, and 18 U.S.C. § 3621, which articulates the factors the BOP must consider when reviewing a inmate's request for a *nunc pro tunc* designation. Under § 3585(b), a prisoner is given credit against his sentence for any time spent in "official detention" prior to the date his sentence commences, provided the time served is for the offense for which the sentence was imposed, or for any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. However, a petitioner can only receive such credit if the time served "has not been credited against another sentence." 18 U.S.C. § 3585.

Here, petitioner served approximately twenty-two months in state custody prior to the suspension of his state sentence and being received into federal custody on May 24, 1996. Because petitioner's state sentence was suspended as of May 10, 1996, the BOP awarded prior custody credit

---

undischarged term of imprisonment." U.S. Sentencing Guidelines Manual § 5G1.3(b)(1)-(2) (2008).

against petitioner's federal sentence for the time period of May 11, 1996 through May 23, 1996, the day before he was remanded to the U.S. Marshals to begin his federal sentence. Thus, the relevant time for the purposes of petitioner's nunc pro tunc designation is between July 13, 1994, when he was taken into state custody, and May 10, 1996, when his state sentence was suspended.

As petitioner acknowledges in his Memorandum of Law in support of his petition, pursuant to the state circuit court's sentencing order he was credited for time served in state custody from his arrest on July 13, 1994, to the date of sentencing on December 1, 1995. Mem. of Law in Supp. of Pet. 3; Ex. to Mem. of Law in Supp. of Pet (Dec. 1, 1995 Sentencing Order). Additionally, the state court sentencing order expressly states that petitioner is to be remanded to the custody of the sheriff and placed "into the custody of the Commissioner of Corrections of the State of West Virginia to commence his sentence . . . ." Ex. to Mem. of Law in Supp. of Pet (Dec. 1, 1995 Sentencing Order). Although the state court expressed the understanding that the state sentence would be served concurrently with the sentence imposed by the federal court, Ex. to Mem. of Law in Supp. of Pet (Dec. 1, 1995 Sentencing Order), the United States government refused to take custody of the defendant. Ex. to Mem. of Law in Supp. of Pet (May 24, 1996 Suspension Order). As a result, petitioner's federal sentence had yet to commence, and therefore his state sentence could not run concurrently with his federal sentence. See United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (holding that "[a] federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court," but rather "federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation"). As a result, the state circuit court noted in its May 24, 1996 Order that based on the time already served by petitioner in state custody, petitioner's state sentence was considered "satisfied," the balance of the state sentence was suspended, and that petitioner would be remanded to

the custody of the U.S. Marshals Service in order to begin serving his federal sentence. Ex. to Mem. of Law in Supp. of Pet (May 24, 1996 Suspension Order). In other words, petitioner received credit against his state sentence for the time spent in the state penitentiary. As a result, he is not entitled to have this credit applied to his federal sentence, otherwise he would receive double credit in violation of § 3585. See United States v. Wilson, 503 U.S. 329, 337 (1992) (explaining that "Congress made clear that a defendant could not receive double credit for his detention time" under § 3585(b)). Thus, under the plain language of the applicable statute, petitioner is not entitled to the relief he seeks.

Furthermore, as petitioner recognizes in his Reply, respondent has provided petitioner with all the relief he is due under § 3621 following his request to be reviewed for a nunc pro tunc designation. See Reply to Mot. 7. The BOP undertook an individualized review of petitioner's case and made a decision to deny petitioner's request based on an analysis of all five relevant factors under § 3621, finding that the nature of petitioner's offense and his extensive criminal history were controlling in denying petitioner the relief he sought. Mem. in Supp. of Mot. to Dismiss 8; see Barden, 921 F.2d at 478.[5] Thus, the BOP has satisfied its obligation to petitioner, and respondent is not required to grant petitioner the credit he seeks.

As a final matter, the Court notes that to the extent petitioner seeks to support his claim of entitlement to credit against his federal sentence for time spent in state custody by way of the United States Sentencing Guidelines provisions, these provisions are inapplicable to the instant petition. If petitioner wishes to challenge his underlying federal sentence, the relief he seeks can only be obtained through a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. However, even if petitioner

---

[5] Although there is no controlling authority in the Fourth Circuit on this issue, in an unpublished opinion the court remanded a case to the district court where the BOP failed to consider all factors in § 3621(b) when making a determination on a petitioner's request for nunc pro tunc designation. See Trowell v. Beeler, 135 F. App'x 590, 595-96 (4th Cir. 2005).

wished to treat the instant petition as a § 2255 motion, such motions must be filed in petitioner's sentencing court, because a federal inmate may only bring a post-conviction challenge to the validity of a conviction and sentence by filing a § 2255 motion with the judge who sentenced him. As petitioner was convicted in the United States District Court for the Northern District of West Virginia, such claims are not properly before this Court, and must be dismissed.

### III.

For the above reasons, respondent's Motion to Dismiss will be granted, and the instant petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 11th day of May 2009.

/s/
**Liam O'Grady**
**United States District Judge**

Alexandria, Virginia